# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL W. ESTES,<br><br>  Plaintiff(s),<br><br>v.<br><br>ROBERT GASTON, et al.,<br><br>  Defendant(s). | 2:12-CV-1853 JCM (VCF) |

## ORDER

Presently before the court is plaintiff, appearing pro se, Michael W. Estes' motion for a temporary restraining order. (Doc. # 3).

According to Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard. Fed. R. Civ. P.65. "The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment." *Miller v. Rufion*, No. 08-1233, 2009 WL 348176, at *1 (E.D. Cal. Feb. 11, 2009) (citing *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). "Thus, in seeking a temporary restraining order, the movant must demonstrate that the denial of relief will expose him to some significant risk of irreparable injury." *Id.* (quoting *Associated Gen. Contractors of California v.*

**James C. Mahan**
**U.S. District Judge**

1  *Coalition of Economic Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991).[1]

2  In plaintiff's motion, he seeks "the protection of the Court from eminent injury by Defendants
3  or their agents through unlawful legal process issued to compel payment of an unlawful debt as set
4  forth in the Complaint pursuant to the Rico Act . . . ." (Doc. # 3).  The complaint accompanying the
5  motion for leave to proceed *in forma pauperis* totals 108 pages and alleges causes of action against
6  dozens of defendants.  (*See* Compl. Doc. # 1-1).  In the motion for a temporary restraining order,
7  plaintiff states all of the following: (1) that he "believes" that a warrant for his arrest has been issued;
8  (2) that the warrant is based upon "fraud and unlawful action of the Family Court"; (3) someone will
9  use the warrant against plaintiff "to compel payment of a civil debt (and that this would be "the equal
10 of operation of a debtor's prison"); (4) that his "physical stamina will not support his survival
11 through another false imprisonment at the CCDC"; (5) and, finally, that this court should bar the
12 further prosecution of "Case # R095892."  (Doc. # 3).

13 There are a number of reasons why this court will not issue the temporary restraining order.
14 First, plaintiff only states that he "believes" that a warrant has been issued for his arrest.  (Doc. # 3).
15 A belief that a person might be arrested at some date in the future based upon an arrest warrant that
16 may or may not actually exist cannot meet the "significant risk of irreparable harm" required to issue
17 a temporary restraining order.  *See Miller*, 2009 WL 348176, at * 1.  There is no evidence that an
18 arrest warrant actually exists and that any local authorities are attempting to arrest plaintiff based
19 upon "fraud and unlawful action."

20 Second, in plaintiff's complaint, many of the causes of action stem from a final decree of
21 divorce in family court in December of 1993.  (*See* Compl. Doc. # 1-1 at 15-31).  The court finds
22 that any action taken against plaintiff originating from a 1993 court proceeding does not meet the
23 immediate and eminent requirements necessary to secure a temporary restraining order.

---

[1] The Supreme Court has stated that courts must consider the following factors in determining whether to issue a temporary restraining order and preliminary injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 129 S. Ct. 365, 374–76 (2008).

**James C. Mahan**
**U.S. District Judge**

- 2 -

      Third, plaintiff asserts 28 causes of action against various government entities and government figures including, but not limited to: the district attorney for Clark County; the "hearing master" in family court; certain Nevada Supreme Court justices; a Nevada trial level state court judge; and, the senators and representatives of the Nevada legislature that enacted certain statutory provisions.  The causes of action range from conspiracy to RICO to denial of constitutional rights.  The court finds these causes of action do not have the necessary likelihood of success on the merits to warrant a temporary restraining order.

      Finally, plaintiff wants this court to enjoin a state court proceeding.  Plaintiff has only made conclusory statements that this court should enjoin a state court proceeding.  Plaintiff has omitted any legal justification for doing so or which state court should even be enjoined.  The court, on its own, can discern no reason why it should enjoin the proceedings of another court.

      Plaintiff must establish real and immediate irreparable harm before this court may grant a temporary restraining order.  Plaintiff has not met that high burden.  Based on the facts presented, plaintiff's alleged injuries do not establish the requisite immediacy to warrant a temporary restraining order.

      Accordingly,

      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for a temporary restraining order (doc. # 3) be, and the same hereby is, DENIED.

      DATED October 30, 2012.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 3 -