1
2
3
4
5        UNITED STATES DISTRICT COURT
6                DISTRICT OF NEVADA
7
8    MICHAEL W. ESTES,                          2:12-CV-1853 JCM (VCF)
9              Plaintiff(s),
10   v.
11   ROBERT GASTON, et al.,
12
13            Defendant(s).

14                                  **ORDER**

15       Presently before the court is plaintiff Michael W. Estes' second motion for a temporary
16  restraining order. (Doc. # 5). Plaintiff's renewed motion offers more clarity on his actual claims,
17  but the motion for a temporary restraining order will still be denied.
18       Plaintiff alleges that he is going to be unconstitutionally arrested and sent to jail because of
19  a child support obligation. (*See* doc. # 5). Plaintiff attached the "Master's Recommendation" from
20  the state family court proceedings[1] (*see* doc. # 5), and the court finds this document illuminating.
21       However, as a preliminary matter, it is important to recognize that plaintiff does not dispute
22  that he elected not to attend hearings related to his child support obligations. In his motion, plaintiff
23  admits the following:
24  . . .
25  . . .
26  _____
27       [1] The court judicially notices the "master's recommendation" from Clark County district
28  court.

**James C. Mahan**
**U.S. District Judge**

"[T]he operation of the[ ] 'Pay/Stay' Hearings requires either the payment of the specified amount, or a showing of good cause as to why payment was not made. [Plaintiff] did not attend the 'Pay/Stay' hearing because he simply did not have the money."

(Doc. # 5 at page 2 ¶4). Plaintiff chose to skip his required child support hearings and instead file a complaint alleging various constitutional violations in this court.

According to Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard. Fed. R. Civ. P.65. "The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment." *Miller v. Rufion*, No. 08-1233, 2009 WL 348176, at *1 (E.D. Cal. Feb. 11, 2009) (citing *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). "Thus, in seeking a temporary restraining order, the movant must demonstrate that the denial of relief will expose him to some significant risk of irreparable injury." *Id.* (quoting *Associated Gen. Contractors of California v. Coalition of Economic Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991).[2]

Plaintiff does not have the requisite likelihood of success on the merits of his claims. It appears that plaintiff was obligated to pay $125 monthly in child support payments. (*See* doc. # 5, Master's Recommendation). Plaintiff is so far in arrears that it appears his grand total of arrears, interest, and penalties totals $99,852.59.

In Nevada, a person may be punished and imprisoned for failure to pay minor child support, in certain situations, pursuant to NRS § 201.020. The statute envisions punishing the very behavior and actions of this plaintiff. Additionally, the master found plaintiff in contempt of court for failing

---

[2] The Supreme Court has stated that courts must consider the following factors in determining whether to issue a temporary restraining order and preliminary injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 129 S. Ct. 365, 374–76 (2008).

1  to show for his child support proceedings and issued the arrest warrant for being in contempt of
2  court, which it had full authority to do.

3  Finally, this court finds it appropriate to abstain and not enjoin the state court proceeding
4  pursuant to *Juidice v. Vail*, 430 U.S. 327 334-36 (1977) (holding that *Younger* abstention can apply
5  when the *pending* state proceedings were civil in nature) ("The contempt power lies at the core of
6  the administration of a State's judicial system."). Here, plaintiff admitted he had the opportunity to
7  attend his state proceedings, and it appears he could have presented any federal claims in that state
8  proceeding. Plaintiff chose not to attend and does not allege that the state court proceeding would
9  not have provided him the opportunity to raise any defenses or claims, including federal defenses
10 or claims.

11 The choice not to attend does not entitle plaintiff to then come to this court and obtain a
12 temporary restraining order against state proceedings and the state bench warrant. The court further
13 finds that intervention into the state court proceeding is not warranted because the state proceeding
14 and bench warrant are not motivated by "a desire to harass or [ ] conducted in bad faith. . . ."
15 *Huffman v. Pursue Ltd.*, 420 U.S. 592, 611 (1975).

16 Accordingly,

17 IT HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for a
18 temporary restraining order (doc. # 5) be, and the same hereby is, DENIED.

19 DATED November 5, 2012.

_____
UNITED STATES DISTRICT JUDGE