1
2
3
4
5

**UNITED STATES DISTRICT COURT**

6

**DISTRICT OF NEVADA**

7
8

MICHAEL W. ESTES,                                    2:12-CV-1853 JCM (VCF)

9                     Plaintiff(s),

10   v.

11   ROBERT GASTON, et al.,

12                     Defendant(s).

13

14                                              **ORDER**

15          Presently before the court is plaintiff, Michael W. Estes', third motion for a temporary

16   restraining order. (Doc. # 7). Plaintiff has sought the same relief in each of the three motions–a

17   temporary restraining order that would enjoin further prosecution of case number R095892 in state

18   court until all the issues presented in his complaint lodged with this court have been fully resolved..

19   (*See* docs. ## 3, 5, and 7). It appears that a bench warrant has been issued for plaintiff for his failure

20   to appear at "Pay/Stay" hearings in state court. (*See* docs. # 3, 5, and 7).

21   **I.      Background**

22          To finally resolve the issue of this temporary restraining order, the court finds it necessary

23   to start from the complaint, briefly discuss the two prior motions and orders for temporary restraining

24   orders, and then ultimately resolve this motion.

25          Plaintiff has filed a complaint that exceeds 100 pages in length, bringing at least 29 causes

26   of action that range from conspiracy, to various RICO claims, to the denial of certain constitutional

27   rights. (*See* doc. # 1-1). The named defendants include both civilians and government officials from

28

**James C. Mahan**
**U.S. District Judge**

1   the following non-exhaustive list: plaintiff's ex-wife; the public defender that represented plaintiff

2   in a prior criminal matter; Nevada Supreme Court justices; the district attorney for Clark County;

3   senators and representatives from the Nevada legislature that enacted certain statutory provisions;

4   Nevada state level judges; the state of Nevada; the Nevada Division of Welfare and Supportive

5   Services; and Las Vegas and Henderson police officers.  (*See id.*).

6          In the complaint, plaintiff alleges, among other things, that the above mentioned people and

7   organizations have conspired in a criminal enterprise to harm him and continue to harm him in all

8   of the following non-exhaustive ways: prevented plaintiff from voting; upgraded one of plaintiff's

9   prior convictions to a class A felony; incorrectly (and also fraudulently) calculated both the amount

10  of child support plaintiff should be obligated to pay and the amount of his arrears; charged plaintiff

11  too much and too often to make objections to the hearing master's findings; certain officials from

12  Clark County embezzled the money that plaintiff did pay in child support; and that plaintiff has been

13  kidnaped and extorted by local officials and placed in prison for his failures to pay child support.

14  (*See id.*).

15         *A.  First Motion for a Temporary Restraining Order*

16         In his first motion for a temporary restraining order, plaintiff did not cite a single case nor

17  make a single legal argument.  (*See* doc. # 3).[1]  Plaintiff summarily argued for the issuance of an

18  injunction throughout the duration of his civil RICO suit.  This court denied plaintiff's motion on

19  four separate grounds.  (*See* doc. # 4).  Each of the four grounds, alone, were sufficient to deny the

20  motion.  (*See id.*).

21         *B.  Second Motion for a Temporary Restraining Order*

22         Undeterred, plaintiff filed a second motion seeking the exact same relief that responded to

23

24         [1] The court acknowledges this is a *pro se* complaint and motion, which are held to less

25  stringent standards.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be

26  liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent

    standards than formal pleadings drafted by lawyers.") (internal quotations and citations omitted).

27  It has been difficult to connect all the allegations and exact relief sought by plaintiff.  However, the

    court reaches its decision not because it cannot discern the exact relief and supporting reasons, but,

28  rather, because the court gives plaintiff every benefit of the doubt when reaching the merits.

some of this court's reasoning for denying plaintiff's first temporary restraining order.  (*See* doc. # 5).[2]  Plaintiff cited case law to support his position for the first time, using many of the cases cited by this court in its previous denial.  (*See id.*).  For example, plaintiff argued that the four-step test from *Winter v. N.R.D.C.*, 555 U.S. 7 (2008), a case he learned from this court's order, tilted in favor of an injunction.

In the second order denying the temporary restraining order, this court more heavily relied on the *Younger* abstention doctrine.  (Doc. # 6); *see Juidice v. Vail*, 430 U.S. 327, 334-36 (1977) (holding that *Younger* abstention can apply when the pending state proceedings were civil in nature) ("The contempt power lies at the core of the administration of a State's judicial system."); *Younger v. Harris*, 401 U.S. 37 (1971).

C. *Third Motion for a Temporary Restraining Order*

Plaintiff filed a third motion for a temporary restraining order seeking the exact same relief. (Doc. # 7).  Plaintiff does not respond to the *Younger-Juidice* abstention rationale.  (*See id.*). Plaintiff expounds upon the *Winter* 4-step test and renews several of his previous arguments.

**II.   Legal Standard**

According to Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard.  Fed. R. Civ. P.65.  "The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial

---

[2]  This court denied the first motion for the following four reasons: (1) the court was unconvinced that a bench warrant had been issued; (2) the court found that the state court proceeding sought to be enjoined stemmed from a final decree of divorce in family court in 1993 and any harm resulting in 2012 was not sufficiently immediate and eminent; (3) not a high enough likelihood of success on the merits; and, (4) the court found it was inappropriate to enjoin a state court proceeding. In his second motion, plaintiff responded to each basis for the denial except this court's refusal to enjoin a state court proceeding.  Plaintiff did not attach a copy of the state proceeding authorizing the bench warrant in his first motion, but he did with the second.  To plaintiff's credit, he attached a copy of the bench warrant to his complaint (though buried amongst the other 100 pages of the complaint).

1  nature is designed merely to prevent irreparable loss of rights prior to judgment." *Miller v. Rufion*,

2  No. 08-1233, 2009 WL 348176, at *1 (E.D. Cal. Feb. 11, 2009) (citing *Sierra On-Line, Inc. v.*

3  *Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). "Thus, in seeking a temporary

4  restraining order, the movant must demonstrate that the denial of relief will expose him to some

5  significant risk of irreparable injury." *Id.* (quoting *Associated Gen. Contractors of California v.*

6  *Coalition of Economic Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991).

7       "Issuance of a temporary restraining order, as a form of preliminary injunctive relief, is an

8  extraordinary remedy, and plaintiffs have the burden of proving the propriety of such a remedy by

9  clear and convincing evidence." *De La Salle v. America's Wholesale Lender*, no. 2:09-cv-02701,

10 2010 WL 1507317, at *1 (E.D. Cal. April 14, 2010); *Winter v. N.R.D.C.*, 555 U.S. 7, 24 (2008) ("A

11 preliminary injunction is an extraordinary remedy never awarded as a right."). The Supreme Court

12 has stated that a plaintiff must establish that he can establish each of the following to secure an

13 injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if

14 preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest.

15 *Winter*, 555 U.S. at 20-24 (2008). Plaintiff must "make a showing on all four prongs." *Alliance for*

16 *the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

17 **III.    *Winter* Elements**

18       Plaintiff must establish each of the four *Winter* elements, as it is a four-part conjunctive test.

19 Plaintiff's third motion for a temporary restraining order fails because he cannot establish a single

20 *Winter* element. The court will address each in turn.

21       *A.  Likelihood of Success on the Merits*

22       To satisfy *Winter*, a plaintiff must show that he is "likely" to succeed on the merits. "'Likely'

23 means 'having a high probability of occurring or being true.'" *Shebanow v. First Mangus Financial*

24 *Corp.*, no. 3:10-cv-00765, 2010 WL 5390132, at *3 (D. Nev. Dec. 22, 2010) (quoting Merriam-

25 Webster Dictionary).[3]

26

27       [3] The court recognizes that the Ninth Circuit's sliding scale and serious question test remains

28 viable after *Winter*. *Cottrell*, 632 F.3d at 1134-35 ("That is, serious questions going to the merits

James C. Mahan
U.S. District Judge

First, the court is unconvinced, even after three motions, that plaintiff has a likelihood of success on the merits. Plaintiff has alleged numerous claims against numerous defendants. Plaintiff has essentially alleged that all three branches of government in Nevada (as well as people in his personal life) have aligned against him in a massive conspiracy to single him out, imprison him, overcharge the amount he owes in child support, and then embezzle for their own use the amount he actually pays in child support. To say it graciously, plaintiff bears a heavy burden to connect the pieces in order to prevail on his claims.

Second, this is not the first suit filed by plaintiff in this court. Plaintiff has previously filed an action in this court seeking, among other things, an injunction of state court proceedings instituted to collect child support arrearages and challenging the constitutionality of NRS § 125B.080. *See Estes v. Anderson et al*, no. CV-S-04-0380, Order, Doc. # 3. Plaintiff makes no attempt to address any potential claim or issue preclusion obstacles.

Third, plaintiff has not attempted to address any applicable immunities to some of the named defendants. *See, e.g., Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1388 (9th Cir.1987) ("judges are absolutely immune from civil liability for damages for their judicial acts.").[4]

Fourth and finally, plaintiff has made no attempt to overcome the *Younger-Juidice* or *Rooker-Feldman* doctrines, which further decrease the likelihood of success on the merits. *See* Part IV *infra*. Plaintiff, at this stage in the proceeding, cannot show that he is likely to succeed on the merits of his claims or that he even raises a serious question.

_____

and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."). This court does not address the sliding scale test because plaintiff cannot establish that his chance of success on the merits is "likely." *Shebanow*, 2010 WL 5390132, at *3 ("A claim can be weaker on the on the merits if it raises serious questions and the amount of harm the injunction will prevent is very great, but the chance of success on the merits cannot be weaker than likely.").

[4] The court is aware that at various points in his motions and complaint plaintiff asserts that this is a criminal action against the defendants. This cannot be. Plaintiff has no authority to commence a criminal proceeding against any of the defendants.

James C. Mahan
U.S. District Judge

1

    *B.  Irreparable Harm*

2       A plaintiff must establish that irreparable harm is likely, not just possible, in order to obtain

3   a temporary restraining order.  *See Cottrell*, 632 F.3d 1127.  A "long delay before seeking a

4   preliminary injunction implies a lack of urgency and irreparable harm." *Oakland Tribune, Inc. v.*

5   *Chronicle Pub. Co., Inc.*, 762 F.2d 1374, 1377 (9th Cir. 1985).

6       Some of plaintiff's allegations and claims for relief stem for a divorce decree from 1993.  It

7   is true that plaintiff is seeking to enjoin the issuance of a bench warrant issued on October 4, 2012.

8   However, this bench warrant, along with the at least six previous ones that plaintiff complains of,

9   all originate from dated and final state court proceedings.  It is obvious from plaintiff's 2004 lawsuit,

10  that he has known the consequences of not appearing for these types of state court proceedings for

11  a long enough period of time to remove this situation from the truly immediate and eminent harm

12  contemplated by *Winters* and its subsequent precedents.

13      Additionally, there is no irreparable harm if a bench warrant issued because plaintiff failed

14  to appear at the appropriate proceeding.  The resulting brief incarceration and "harm"are the

15  consequences of his decision to skip mandatory state court proceedings, nothing more.[5]

16      *C.  The Public Interest*

17      Plaintiff argues it would be in the public's interest to enjoin the state court proceeding so that

18  he would not be imprisoned and allowed to pursue his action and expose the corruption in Nevada

19  local and state governments.  However, the court finds that the far greater public interest is having

20  parents who pay their child support obligations so their children do not become wards of the state.

21  *See Rodriguez v. Eighth Judicial Dist. Ex rel. County of Clark*, 102 P.3d 41, 50 (Nev. 2004) ("[T]he

22  purpose of child support is simply to try to prevent the child from experiencing the effects of poverty

23

---

24      [5] Plaintiff cites repeatedly NRS § 31.470 for the proposition that he cannot be imprisoned for

25  a civil action.  He makes no argument nor cites any case law, he only conclusory states that it
    prohibits his imprisonment.  That statute, in its entirety, reads, "No person shall be arrested in a civil

26  action except as authorized by this chapter."  The text of the statute explicitly states that there are
    circumstances provided for in the chapter in which a person may be arrested for a civil action.

27  Plaintiff is cautioned that this footnote is not an invitation to file a motion to this court detailing his
    theories regarding the constitutionality or applicability of the statute.

28

**James C. Mahan**
**U.S. District Judge**

1  and becoming a charge of the state.  Thus, the State has a strong interest in ensuring that support

2  orders are enforced through informal procedures and that the parties under its jurisdiction obey the

3  orders of family courts as issued.").  It is uncontroversial that a state has a strong interest in parents

4  paying their required child support obligations.[6]

5      Plaintiff seeks to create a world whereby a parent may elect not to pay their child support

6  obligations, deliberately choose not to attend mandatory hearings regarding their child support, then

7  run off to federal court and have the federal court enjoin the state court from enforcing its orders.

8  This is not an appropriate role for federal courts.  To hold otherwise would strike an untenable and

9  unsustainable balance between the comity of federal and state courts.  This court cannot and will not

10  enjoin a state court from hearing matters appropriately before it and providing adequate procedures

11  for the parties in that action.[7]  The court finds the greater public interest lies in (1) the ability of state

12  courts to enforce their judgments, and (2) parents paying their required child support payments.

13      *D.  Balance of Hardships*

14      The balance of hardships must tip in plaintiff's favor to secure an injunction, and they do not.

15  Upon denial of this motion, the only "hardship" facing plaintiff is that he must attend his child

16  support hearings.  This is not a hardship, but his legal obligation.

17  IV.  *Younger-Juidice* and *Rooker-Feldman*

18      It is not entirely clear if plaintiff seeks this court to enjoin an ongoing state court proceeding,

19  a final judgment by a state court, or both.  Ultimately, it does not matter.  To the extent the

20  proceeding is ongoing then this court abstains pursuant to *Younger* and *Juidice*.  To the extent

21  plaintiff wants this court to overturn a final state court decision then the *Rooker-Feldman* doctrine

22  precludes review by this court.

23

24      [6] As discussed in more thorough detail in this court's second order denying the temporary

25  restraining order, plaintiff owes almost $100,000 in child support and is obligated to pay $125
    monthly.

26      [7] Plaintiff alleges the procedures in the state court are unfair or unconstitutional.  However,

27  plaintiff also admits that he chose not to attend.  Further, the state court judgment that plaintiff has
    attached explicitly states that plaintiff has not filed any objections to the hearing master's

28  recommendation.  (*See* doc. # 7, Notice of Entry of Order/Judgment, page 4:11-12).

James C. Mahan
U.S. District Judge

1    *A. Younger-Juidice*

2        A federal court should abstain from hearing a case that would interfere with ongoing state

3    proceedings. *Younger v. Harris*, 401 U.S. 37, 43-55 (1971). "*Younger* abstention is required if the

4    state proceedings are (1) ongoing, (2) implicate important state interest, and (3) provide the plaintiff

5    an adequate opportunity to litigate federal claims." *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610,

6    613 (9th Cir. 2000). "In addition, a state has a vital interest in protecting the authority of the judicial

7    system, so that its orders and judgments are not rendered nugatory." *H.C.*, 203 F.3d at 613 (quoting

8    *Juidice v. Vail*, 430 U.S. 327, 336 n. 12 (1977)). "The contempt power lies at the core of the

9    administration of a State's judicial system." *Juidice*, 430 U.S. at 335.

10       As discussed *supra*, plaintiff wants this court to enjoin the enforcement of a bench warrant

11    issued because plaintiff has neither paid child support nor attended his required child support

12    hearings. This court must abstain for well established reasons.

13       An important state interest is implicated because "family relations are a traditional area of

14    state concern." *Moore v. Sims*, 442 U.S. 415 (1979). This case is a particularly appropriate situation

15    for abstention because the state courts have a special expertise and experience in domestic-child

16    support situations that this court lacks. *See H.C.*, 203 F.3d at 613; *see also Peterson v. Babbitt*, 708

17    F.2d 465, 466 (9th Cir. 1983) ("The strong state interest in domestic relations matters, the superior

18    competence of state courts in settling family disputes because regulations and supervision of

19    domestic relations within their border is entrusted to the states, and the possibility of incompatible

20    federal and state court decrees in cases of continuing judicial supervision by the state makes federal

21    abstention in these cases appropriate."). Simply, wholesale federal intervention into this entirely

22    state concerned child support proceeding is inappropriate.[8]

23

24       [8] The court recognizes that "a federal court will not abstain if the plaintiff can establish the

25    state court proceeding was undertaken in bad faith or for purposes of harassment or that some other

26    extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional

27    statute." *Reddick v. Troung*, no. cv 07-6586, 2008 WL 2001915, at *3 (C.D. Cal. May 5, 2008)

28    (citing *Younger*, 401 U.S. at 49, 53-54). However, the bad faith and harassment exceptions to *Younger* abstention are narrow and would require more than the mere conclusory allegations provided by this plaintiff. *See Reddick*, 2008 2L 2001915, at *3; *Huffman v. Pursue, Ltd.*, 420 U.S.

1    *B. Rooker-Feldman*

2         Plaintiff challenges certain aspects of the family court divorce decree as well as the amount

3    of his child support payments.  Plaintiff should be very familiar with the *Rooker-Feldman* doctrine

4    that precludes this court's review of that proceeding.  In his previous lawsuit filed in 2004 seeking

5    very similar relief and alleging very similar claims, this court held that the *Rooker-Feldman* doctrine

6    barred this court from acting as an appellate court to the state court.  *See Estes v. Anderson et al*, No.

7    CV-S-04-0380, Order, Doc. # 3).[9]

8         It is well-established that a United States District Court does not have authority to review the

9    final determination of a state court.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S.

10   462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *Worldwide Church of God*

11   *v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986).  Review of state court decisions can only be secured

12   in the United States Supreme Court.  *See Feldman*, 460 U.S. at 482; *McNair*, 805 F.2d at 890.

13        Furthermore, a district court may not exercise jurisdiction over constitutional claims that are

14   "inextricably intertwined" with claims decided in state court proceedings.  *See Feldman,* 460 U.S.

15   at 482 n. 16; *McNair*, 805 F.2d at 892.  A federal claim that was or could have been raised in a state

16   court action is inextricably intertwined with a state court judgment.  Where federal relief can only

17   be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal

18   proceeding as, in substance, anything other than a prohibited appeal of a state court judgment.

19   *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J. concurring).

20        Thus, to the extent that plaintiff wishes this court to consider whether the state district court

21   incorrectly decided the child support issues before it, this court lacks subject matter jurisdiction over

22   those claims.  Plaintiff should have long ago appealed those claims to the Nevada Supreme Court.

23   . . .

24

25
     592, 611 (1975); *Canatella v. California*, 404 F.3d 1106, 1112 (9th Cir. 2005).

26
          [9] As mentioned *supra*, plaintiff does not address any potential res judicata or collateral
27   estoppel issues implicated by this prior lawsuit.  The court finds it redundant, even more to than this
     third order, to further deny this motion on res judicata or collateral estoppel grounds.
28

James C. Mahan
U.S. District Judge                                              - 9 -

1    **V.      Conclusion**

2           This court denies plaintiff's motion seeking a temporary restraining order for the third time.

3    Plaintiff is warned that successive motions seeking similar relief on the same basis will not be

4    entertained.  This court will not enjoin the state court proceedings.  Plaintiff is further cautioned that

5    filing another motion seeking the exact same relief could lead to sanctions.

6           Accordingly,

7           IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's third motion

8    for a temporary restraining order (doc. # 7) be, and the same hereby, is DENIED.

9           DATED November 14, 2012.

10

11   _____

     **UNITED STATES DISTRICT JUDGE**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**