**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

MICHAEL W. ESTES,

        Plaintiff,

v.

ROBERT GASTON, *et al*,

        Defendants.

2:12-cv-01853-JCM-VCF

**O R D E R AND
REPORT & RECOMMENDATION**

(Motion/Application to Proceed *In Forma Pauperis* #1, Screen Complaint #1-1, and Motion For Appointment of Counsel #2)

Before the court are plaintiff Michael W. Estes' Motion/Application to Proceed *In Forma Pauperis* (#1), Complaint (#1-1), and Motion for Appointment of Counsel (#2).

**I.**    *In Forma Pauperis* **Application**

Plaintiff Quevedo asserts in his application that he is unemployed and dependent upon Kim and John Tegano for food and shelter. (#1). Plaintiff asserts that he is "blessed with occasional work [doing] odd jobs averaging $330 per month over the 11 months of 2012." *Id.* Plaintiff has $25.00 in his savings account and $14.73 in his checking account. *Id.* Plaintiff's monthly bills include $107 for his cell phone, $70 for his medical expenses, and $20-$30 in bus fare. *Id.* Accordingly, plaintiff's request to proceed *in forma pauperis* is granted pursuant to § 1915(a).

**II.**    **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted,

or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of *a pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

### A.    Plaintiff's Claims

Plaintiff's allegations arise from unfavorable judgments against him in both criminal and civil actions, the divorce proceedings from his ex-wife, his classification as a sex offender, unlawful arrests, governmental entities engaging in racketeering activities, being ordered to pay child support, ineffective assistance of counsel, and crimes committed against him. (#1-1). As there are several defendants named in the complaint, the court will address the claims against similarly situated defendants together and the claims against the remaining individual defendants separately.

#### 1.    Private Attorneys/Prosecutors

Plaintiff alleges claims against D. Bruce Anderson, attorney for plaintiff's ex-wife, Deputy District Attorneys #1-30, the Office of the Clark County District Attorney, and Deputy District Attorneys Stewart L. Bell, David Roger, and Steven Wolfson. (#1-1). Plaintiff states in several of his 29 claims, that the District Attorneys violated his constitutional rights through "false imprisonment on at least 6 occasions, a continual condition of peonage, forced labor, excessive fines and bails, armed

2

kidnapping, extortion, denied access to the courts, [and] denied rights of due process and equal protection of the law." *Id.* Plaintiff alleges that when he was ordered to pay child support in an amount higher than he could afford, and failed to make the payments, he was falsely imprisoned by the D.A.'s Office and its attorneys. *Id.* Plaintiff also asserts that he was arrested on an unlawful bench warrant, and that the D.A.'s Office "detain[ed] and us[ed] handcuffs to restrain [him]," violating his civil rights. *Id.*

Prosecutors are absolutely immune from civil suits for damages under section 1983 that challenge activities related to the initiation and presentation of criminal prosecutions. *Imbler v. Pachtman*, 424 U.S. 409 (1976). As plaintiff alleges that the D.A.'s Office violated his civil rights when he was arrested and detained, the prosecutors are immune from these claims. *Id.* With regard to the claims that the prosecutors and defendant Anderson falsely imprisoned him, kidnapped him, forced labor upon him, and subjected him to peonage and extortion when he was ordered to pay child support, arrested, and detained, these are criminal claims not properly raised in a civil complaint. *See* Nevada Revised Statute 200.460 (false imprisonment is a state crime wherein the individual convicted would be found guilty of a gross misdemeanor); N.R.S. 200.310 (kidnapping is a state crime wherein the individual convicted will be found guilty of a category A or B felony); N.R.S. 200.463 (when a person subjects another to forced labor, the person is guilty of a class B felony); 18 U.S.C. § 1581 (a person guilty of peonage will be fined or imprisoned).

If plaintiff intended to assert tort claim of false imprisonment, the court should not exercise supplemental jurisdiction over this claim. *See* 28 U.S.C. § 1367 ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if...the district court has dismissed all claims over which it has original jurisdiction..."); Restatement (Second) of Torts § 35 (False Imprisonment). These defendants should be dismissed. *See* 28 U.S.C. § 1915(e)(2); *Ashcroft*, 129 S.Ct. at 1949.

. . .

3

### 2.     Judicial Officers

Plaintiff asserts claims against the Nevada Supreme Court, the Eighth Judicial District Court, Clark County, Nevada (erroneously named Eighth Judicial District Court of Nevada in and for Clark County), the Eighth Judicial District Court, Clark County, Nevada - Family Division, the Honorable Judge Lee A. Gates, the Honorable Family Court Judge Robert Gaston, Justice Miriam Shearing, Justice A. William Maupin, Justice Myron E. Leavitt, Justice Robert E. Rose, Justice Deborah Agosti, Justice C. Clifton Young, Justice of the Nevada Supreme Court "Doe," the Honorable Judge Cynthia Dianne Steel, the Juvenile Hearing Masters for the Eighth Judicial District Court - Family Division, Sylvia Beller, Sylvia Teuton, Hearing Master Doe #3, and Hearing Master Doe #4.  (#1-1).

Plaintiff alleges that these judges and/or courts "failed to perform" their duties, violated 18 U.S.C. § 242, violated his civil rights, falsely imprisoned him at least 6 times, engaged in a racketeering enterprise, kidnapped him, conspire[d] against him, illegally convict[ed] him, failed to provide legal defense to him, illegally deprive[d] him of his property in the amount of $36,000, subject[ed] him to peonage, forced labor, extortion, "assault and arrest," involuntary servitude, and cruel and unusual punishment, impose[d] an award of child support in an amount beyond plaintiff's ability to pay, used illegal process to establish an unlawful debt, conspired to illegally convict him, violated 18 U.S.C. § 241 when they upheld plaintiff's illegal conviction, engaged in an "illegal pattern of criminal activity," caused "an unlawful bench warrant to be issued" for his arrest, and subjected him to the threat of arrest during his divorce proceedings, in the Decree of Divorce dated December 20, 1993, in the appeal thereof, and during his multiple arrests and convictions. *Id.*   Plaintiff seeks "criminal prosecution of each culpable defendant," declaratory relief, injunctive relief, compensatory relief in the form of reimbursement and an award of actual damages, punitive damages, exemplary damages, punitive damages, aggravated damages, and costs. *Id.*

Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts. *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir.1988); *Imbler v.*

4

*Pachtman*, 424 U.S. 409, 418 (1976). Judges and courts have absolute civil immunity for their judicial acts, including as against claims under 42 U.S.C. § 1983, and regardless of any erroneous application of the law, unless there is a "clear absence" of subject-matter jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356-58, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (*citing Bradley v. Fisher*, 13 Wall. 335, 80 U.S. 335, 20 L.Ed. 646 (1871)). Plaintiff does not assert that the named judges or courts lacked subject-matter jurisdiction over either the divorce proceedings, the criminal proceedings, or the child support proceedings. (#1-1). As the judges and courts are immune from civil liability, including plaintiff's civil rights claims, these claims against them should be dismissed. *Schucker*, 846 F.2d at 1204; *Imbler*, 424 U.S. at 418; *Stump*, 435 U.S. at 356-58; 28 U.S.C. § 1915(e)(2); *Ashcroft*, 129 S.Ct. at 1949.

With regard to the claims that the judges and courts falsely imprisoned him, kidnapped him, forced labor upon him, and subjected him to peonage and extortion, these are criminal claims not properly raised in a civil complaint. *See* Nevada Revised Statute 200.460; N.R.S. 200.310; N.R.S. 200.463; 18 U.S.C. § 1581. If plaintiff intended to assert tort claim of false imprisonment, the court should not exercise supplemental jurisdiction over this claim. *See* 28 U.S.C. § 1367; Restatement (Second) of Torts § 35 (False Imprisonment). All claims against these defendants should be dismissed. *See* 28 U.S.C. § 1915(e)(2); *Ashcroft*, 129 S.Ct. at 1949.

### 3.     Legislature

Plaintiff asserts claims against the Legislators of Nevada State Senate and Legislators of the Nevada House of Representatives relating to the creation, enactment, and amendment of N.R.S. Chapter 125B. (#1-1). Plaintiff alleges that this Chapter subjects him to infringement of his rights pursuant to the Constitution, the 4th, 5th, 13th, and 14th Amendments, and unlawfully limits the rights of the non-custodial parent. *Id.* Plaintiff states that by enacting legislation that is repugnant to the Constitution, these defendants subjected him to a condition of "peonage, involuntary servitude, forced labor and slavery" in violation of his civil rights. *Id.*

Legislators "are entitled to absolute immunity from liability under § 1983 for their legislative

5

activities." *Bogan v. Scott–Harris*, 523 U.S. 44, 49, 118 S.Ct. 966, 140 L.Ed.2d 79 (1998).  Creating, enacting, and amending N.R.S. Chapter 125B is "clearly legislative activity." *Id; See also Martinkovich v. Oregon Legislative Body*, CIV. 11-3072-CL, 2011 WL 4738157 (D. Or. Aug. 23, 2011) report and recommendation adopted, CIV. 11-3072-CL, 2011 WL 4738266 (D. Or. Oct. 6, 2011). The claims against these defendants should be dismissed. *Id;* 28 U.S.C. § 1915(e)(2); *Ashcroft*, 129 S.Ct. at 1949.

### 4.     Public Defender's Office and Appointed Counsel

Plaintiff alleges that Curtis L. Brown, appointed counsel from the Clark County Public Defender's Office committed "the crime of deprivation of rights under color of law in violation of 18 U.S.C. § 242, when he failed to perform his duty as appointed legal counsel to defend [plaintiff] thereby consciously and purposefully denying [plaintiff] his Constitutional rights...and subjecting [him] to a period of false imprisonment." (#1-1).  Plaintiff also alleges that the Clark County Public Defender's Office and Mr. Brown conspired with several judges and courts to obtain an illegal conviction of plaintiff and deny his civil rights and 18 U.S.C. § 242. *Id.*

18 U.S.C. § 242 is a criminal provision and provides no basis for civil liability. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)(*citing Agnew v. City of Compton*, 239 F.2d 226, 230 (9th Cir. 1956), cert. denied 353 U.S. 959, 77 S.Ct. 868, 1 L.Ed.2d 910 (1957), overruled on other grounds, *Cohen v. Norris*, 300 F.2d 24, 29-30 (9th Cir. 1962)). Plaintiff cannot assert civil rights claims against Mr. Brown and the Clark County Public Defender's Office. To state a claim under § 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).  Public defenders do not "act under the color of state law" for purposes of § 1983 claims. *Polk County v. Dodson*, 454 U.S. 312, 321, 102 S. Ct. 445, 451, 70 L. Ed. 2d 509 (1981); *Escalera v. Pub. Defenders Office*, CIV. 08-2168IEGRBB, 2009 WL 88597 (S.D. Cal. Jan. 12, 2009)

(dismissing claims against the Public Defender's Office and the individual public defender, and asserting that "[a]ttorneys appointed to represent a criminal defendant during trial, do not generally act under color of state law because representing a client "is essentially a private function ... for which state office and authority are not needed.") (*quoting Polk County*, 454 U.S. at 319; *United States v. De Gross*, 960 F.2d 1433, 1442 n. 12 (9th Cir.1992)).

Plaintiff's civil claim for false imprisonment also cannot survive, as it is predicated on the alleged wrongful conviction and sentence, and pursuing such claim "would necessarily imply the invalidity of [p]laintiff's conviction." *See Truong v. Orange County Sheriff's Dep't*, 129 Cal.App.4th 1423, 29 Cal.Rptr.3d 450, 455 (Ct.App.2005) (dismissing assault, battery, and IIED claims predicated on an alleged illegal arrest and conviction that had not been adjudicated invalid); *See Sanford v. Motts*, 258 F.3d 1117, 1120 (9th Cir.2001) (dismissing a false imprisonment claim and stating that "[a] tort claim may still lie only where the alleged tortious conduct is separate from the underlying state action such that the conviction is not put into question by vindication of the civil tort claim."). All claims against these defendants should be dismissed. *See* 28 U.S.C. § 1915(e)(2); *Ashcroft*, 129 S.Ct. at 1949.

### 5. Clark County Detention Center

Plaintiff alleges that Clark County Detention Center (hereinafter "CCDC") deprived him of the opportunity to defend himself in violation of 18 U.S.C. § 242 and denied him meaningful access to the courts in violation of the 14th Amendment and § 242." (#1-1). 18 U.S.C. § 242 is a criminal provision and provides no basis for civil liability. *Aldabe*, 616 F.2d at 1092; *Agnew*, 239 F.2d at 230; *Cohen*, 300 F.2d at 29-30. Claims against CCDC under § 242 should be dismissed. *See* 28 U.S.C. § 1915(e)(2); *Ashcroft*, 129 S.Ct. at 1949. With regard to plaintiff's remaining claim under the 14th Amendment, CCDC is a facility, not a juridical person subject to suit. *Nichols v. Clark County Det. Ctr.*, 2:09-CV-01698-LDG, 2010 WL 4553451 (D. Nev. Nov. 2, 2010). All claims against CCDC should be dismissed. *See* 28 U.S.C. § 1915(e)(2); *Ashcroft*, 129 S.Ct. at 1949.

### 6. Harvard "Larry" Lomax

7

Plaintiff asserts that defendant Lomax, in the capacity of an agent for the Office of the Clark County Registrar of Voters, "den[ied] plaintiff his right to vote in violation of the Constitution of the United States, Amendment 15, in violation of 42 U.S.C. § 1971(a)" and 18 U.S.C. §§ 241 and 242. (#1-1). 18 U.S.C. §§ 241 and 242 are criminal provisions and provide no basis for civil liability. *Aldabe*, 616 F.2d at 1092; *Agnew*, 239 F.2d at 230; *Cohen*, 300 F.2d at 29-30. Claims against defendant Lomax under §§ 241 and 242 should be dismissed. *See* 28 U.S.C. § 1915(e)(2); *Ashcroft*, 129 S.Ct. at 1949.

With regard to plaintiff's claim under § 1971(a), plaintiff does not specifically seek injunctive or declaratory relief, rather he generically states that he is entitled to compensatory, exemplary, punitive, and aggravated damages as a result of the violations in each count. (#1-1). Pursuant to 42 U.S.C. § 1971(c), "[w]henever any person has engaged or there are reasonable grounds to believe that any person is about to engage in any act or practice which would deprive any other person of any right or privilege secured by subsection (a) or (b) of this section, the Attorney General may institute for the United States, or in the name of the United States, a civil action or other proper proceeding for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order." The Ninth Circuit has upheld a decision finding that there is no implied private action under the Voting Rights Act for damages. *Olagues v. Russoniello*, 770 F.2d 791 (9th Cir. 1985). Plaintiff's § 1971(a) claim cannot survive, as he cannot assert a private claim for damages, rather the Attorney General or a party in the name of the United States may assert a claim. *See* 42 U.S.C. 1971©. Claims against defendant Lomax should be dismissed. *See* 28 U.S.C. § 1915(e)(2); *Ashcroft*, 129 S.Ct. at 1949.

### 7. Henderson Police Department Officer #1 and Las Vegas Metropolitan Police Department Officer #2

Plaintiff alleges that Henderson Police Department Officer #1 (hereinafter "Henderson Officer") pulled plaintiff "over in a parking lot in Henderson after conducting a "routine running of the license plate" on the car of [plaintiff] and discovering a warrant issued by the Office of the District Attorney in and for Clark County." (#1-1). Plaintiff also alleges that the Henderson Officer did not issue any

citation during the routine traffic stop or notify plaintiff of "any reason for the stop other than the warrant and proceeded to place [plaintiff] in handcuffs and put him in the Police Cruiser for transport." *Id*. Plaintiff was then placed in Las Vegas Metropolitan Police Department Officer #2's (hereinafter "LVMPD Officer") car and taken to the station. *Id.* Plaintiff alleges that while he was in the LVMPD Officer's car, the officer was entering text into the computer which resulted in a deliberate indifference to the well being of plaintiff and an "unreasonable search [of the cars passing by] prohibited by the 4th Amendment." *Id.*

Plaintiff alleges that the officers committed "the following crimes against [plaintiff]:" "armed kidnapping," extortion, false imprisonment, forced labor, involuntary servitude, and slavery, peonage, 18 U.S.C. 1581, deprivation of rights under 4th, 5th, 8th, 13th, and 14th Amendments in violation of §§ 242 and 241, and racketeering. *Id.* As discussed below, each of these claims should be dismissed.

18 U.S.C. §§ 241 and 242 are criminal provisions and provide no basis for civil liability. *Aldabe*, 616 F.2d at 1092; *Agnew*, 239 F.2d at 230; *Cohen*, 300 F.2d at 29-30. With regard to the claims that officers committed the crimes of racketeering, falsely imprisoning him, kidnapping him, forcing labor upon him, and subjecting him to peonage and extortion when he was arrested and transported to the station, these are state crimes not properly raised in a civil complaint. *See* N.R.S. 200.460 (false imprisonment is a state crime wherein the individual convicted would be found guilty of a gross misdemeanor); N.R.S. 200.310 (kidnapping is a state crime wherein the individual convicted will be found guilty of a category A or B felony); N.R.S. 200.463 (when a person subjects another to forced labor, the person is guilty of a class B felony); 18 U.S.C. § 1581 (a person guilty of peonage will be fined or imprisoned); 18 U.S.C. § 1951 (an individual involved in racketeering who interferes with commerce by threats or violence in the form of robbery or extortion will be fined or imprisoned).

With regard to plaintiff's claim that the LVMPD Officer violated the Fourth Amendment when running the license plates of other individual cars driving by, plaintiff cannot assert constitutional claims on behalf of others. *See Johns v. County of San Diego,* 114 F.3d 874, 876 (9th Cir. 1997)

9

(stating that the Ninth Circuit has held that "constitutional claims are personal and cannot be asserted vicariously.") (*citing United States v. Mitchell,* 915 F.2d 521, 526 n.8 (9th Cir. 1990)). Plaintiff has not alleged facts sufficient to assert a claim for deliberate indifference relating to the LVMPD Officer's driving, as plaintiff does not claim that he was driving erratically and with the purpose of harming plaintiff. *See*

*County of Sacramento v. Lewis*, 523 U.S. 833, 836, 118 S. Ct. 1708, 1711-12, 140 L. Ed. 2d 1043 (1998) (holding that a police officer does not violate the Fourteenth Amendment's "guarantee of substantive due process by causing death through deliberate or reckless indifference to life in a high-speed chase," and that "only a purpose to cause harm unrelated to the legitimate object of arrest will satisfy the element of arbitrary conduct shocking to the conscience, necessary for a due process violation."). If plaintiff intended to assert tort claim of false imprisonment, the court should not exercise supplemental jurisdiction over this claim. *See* 28 U.S.C. § 1367; Restatement (Second) of Torts § 35 (False Imprisonment). All claims against the officers should be dismissed. *See* 28 U.S.C. § 1915(e)(2); *Ashcroft*, 129 S.Ct. at 1949.

### 8. The Nevada Division of Welfare and Supportive Services

Plaintiff asserts that the Nevada Division of Welfare and Supportive Services used "Case #R095892 and other such cases, allegedly brought pursuant to N.R.S. 125B, which should never have been prosecuted, to artificially create an increased case load of protracted enforcement actions to fraudulently obtain funding from the Government of the United States pursuant to 42 U.S.C. § 651, then diverting said funding to support illegal activity in the operation of its racketeering enterprise in violation of 18 U.S.C. § 1962, resulting in injury to [plaintiff] in the free exercise of his rights under the constitution..." (#1-1). Plaintiff alleges that this defendant "subjected [plaintiff] to substantial injury in his free exercise of rights guaranteed under the constitution of the United States, for which [plaintiff] seeks redress pursuant to 18 U.S.C. § 1964© and an award of treble damages." *Id*. Plaintiff also asserts that he believes that the Nevada Division of Welfare and Supportive Services, a state-run

10

child support enforcement office for Nevada, is a racketeering enterprise. *Id.*

"To state a [Racketeer Influenced and Corrupt Organizations] (hereinafter "RICO") claim, plaintiff...must allege that defendant (a) received income derived from a pattern of racketeering activity, and used the income to acquire or invest in an enterprise in interstate commerce; (b) acquired or maintained an interest in, or control of, an enterprise engaged in interstate commerce through a pattern of racketeering activity; (c) caused an enterprise engaged in interstate commerce, while employed by the enterprise, to conduct or participate in a pattern of racketeering activity; or (d) conspired to engage in any of these activities." *Izenberg v. ETS Services, LLC*, 589 F. Supp. 2d 1193, 1201 (C.D. Cal. 2008); 18 U.S.C. § 1962; *see also United States v. Turkette*, 452 U.S. 576, 582, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981) ("In order to [prevail] under RICO, [a party] must prove both the existence of an 'enterprise' and the connected "pattern of racketeering activity.' The enterprise is an entity.... The pattern of racketeering activity is, on the other hand, a series of criminal acts as defined by the statute."); *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1481 (9th Cir.1997) (plaintiff must allege "(1) the conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity").

Racketeering activity is any act indictable under the provisions of 18 U.S.C. § 1961. *Forsyth*, 114 F.3d at 1481. "A "pattern" requires the commission of at least two acts of "racketeering activity" within a ten-year period," and "[a]n "enterprise" includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4) and (5). *Forsyth*, 114 F.3d at 1481; *Izenberg*, 589 F. Supp. 2d at 1201. Plaintiff has not stated a claim under 18 U.S.C. § 1962 that can survive, as he has not alleged that (1) the Nevada Division of Welfare and Supportive Services engaged in any of the activities listed in § 1961 or (2) that there was a *pattern* of illegal activity. *Id.* Plaintiff's claims against the Nevada Division of Welfare and Supportive Services should be dismissed. *See* 28 U.S.C. § 1915(e)(2); *Ashcroft*, 129 S.Ct. at 1949.

    **9.  Bailiff Doe #4**

11

Plaintiff asserts that when he was handcuffed in a courtroom after not making a required payment, Bailiff Doe #4 conspired with others to commit the following *crimes*: (1) kidnapping, (2) extortion, (3) false imprisonment, (4) false labor, involuntary servitude, and slavery amounting to peonage in violation of 18 U.S.C. § 1581, (5) deprivation of 4th, 5th, 8th, 13th, and 14th Amendment rights under color of law in violation of §§ 242 and 241, and (6) racketeering. (#1-1).

As discussed above, plaintiff's claims that Bailiff Doe #4 engaged in racketeering, falsely imprisoned him, kidnapped him, forced labor upon him, and subjected him to peonage and extortion when he was put in handcuffs at the courthouse cannot survive, as these are criminal claims not properly raised in a civil complaint. *See* N.R.S. 200.460; N.R.S. 200.310; N.R.S. 200.463; 18 U.S.C. § 1581; 18 U.S.C. § 1951. These claims should be dismissed. *See* 28 U.S.C. § 1915(e)(2); *Ashcroft*, 129 S.Ct. at 1949. Plaintiff's remaining claims under §§ 241 and 242 should also be dismissed, as 18 U.S.C. §§ 241 and 242 are criminal provisions and provide no basis for civil liability. *Aldabe*, 616 F.2d at 1092; *Agnew*, 239 F.2d at 230; *Cohen*, 300 F.2d at 29-30. If plaintiff intended to assert a civil racketeering claim, plaintiff has not stated a claim under 18 U.S.C. § 1962 that can survive, as he has not alleged that (1) the Bailiff Doe #4 engaged in any of the activity listed in § 1961 or (2) that there was a pattern of illegal activity. *Forsyth*, 114 F.3d at 1481; *Izenberg*, 589 F. Supp. 2d at 1201. If plaintiff intended to assert tort claim of false imprisonment, the court should not exercise supplemental jurisdiction over this claim. *See* 28 U.S.C. § 1367; Restatement (Second) of Torts § 35 (False Imprisonment). All claims against this defendant should be dismissed. *See* 28 U.S.C. § 1915(e)(2); *Ashcroft*, 129 S.Ct. at 1949.

### 10. D.A. Enforcers

Plaintiff names D.A. Enforcers Mader, James, and Does #3 – #8 as defendants. (#1-1). Plaintiff claims that D.A. Enforcers Mader and James used handcuffs to detain plaintiff and remove plaintiff from the grounds of the apartment complex where he resides. *Id.* Plaintiff asserts that he was held for ransom pursuant to the direction of defendant Hearing Master Sylvia Teuton. *Id.* Plaintiff also asserts

that on separate occasions, D.A. Enforcers #3, #4, #5, #6, #7, and #8 detained and used handcuffs to restrain plaintiff, remove him from his residence, and take him to CCDC. *Id.*

Plaintiff alleges that each of these D.A. Enforcers committed the following *crimes*: (1) kidnapping, (2) extortion, (3) false imprisonment, (4) false labor, involuntary servitude, and slavery amounting to peonage in violation of 18 U.S.C. § 1581, (5) deprivation of 4th, 5th, 8th, 13th, and 14th Amendment rights under color of law in violation of §§ 242 and 241, and (6) racketeering. *Id.* Plaintiff's claims that these defendants engaged in racketeering, falsely imprisoned him, kidnapped him, forced labor upon him, and subjected him to peonage and extortion when he was arrested and taken to CCDC cannot survive, as these are criminal claims not properly raised in a civil complaint. *See* N.R.S. 200.460; N.R.S. 200.310; N.R.S. 200.463; 18 U.S.C. § 1581; 18 U.S.C. § 1951. Plaintiff's claims under §§ 241 and 242 should also be dismissed, as 18 U.S.C. §§ 241 and 242 are criminal provisions and provide no basis for civil liability. *Aldabe*, 616 F.2d at 1092; *Agnew*, 239 F.2d at 230; *Cohen*, 300 F.2d at 29-30.

If plaintiff intended to assert a civil racketeering claim, plaintiff has not stated a claim under 18 U.S.C. § 1962 that can survive, as he has not alleged that the D.A. Enforcers engaged in any of the activity listed in § 1961. *Forsyth*, 114 F.3d at 1481. If plaintiff intended to assert tort claim of false imprisonment, the court should not exercise supplemental jurisdiction over this claim. See 28 U.S.C. § 1367; Restatement (Second) of Torts § 35 (False Imprisonment). All claims against these defendant should be dismissed. *See* 28 U.S.C. § 1915(e)(2); *Ashcroft*, 129 S.Ct. at 1949.

### 11. Jenny Sue Rhees

Plaintiff alleges several claims against his ex-wife defendant Jenny Sue Rhees relating to the couple's divorce proceedings. (#1-1). Plaintiff alleges that defendant Rhees filed for collection of child support while he was incarcerated and submitted an affidavit that was "fraudulent due to omission or misrepresentation of material facts, such as, the illegal receipt of that portion of the estate that rightfully belonged to [plaintiff] in the decree of divorce." *Id.* Plaintiff asserts that defendant Rhees was given

14 years of free legal representation throughout the prosecution of the action for collection of child support, and that during that time, plaintiff was unable to pay for fees or an attorney to represent him. *Id.* Plaintiff asserts that defendant Rhees perpetuated an abuse of the legal process by filing the action for collection of child support. *Id.*

Plaintiff also alleges that defendant Rhees violated N.R.S. 205.380, 18 U.S.C. §§ 241 and 242, 18 U.S.C. §§§ 1581,1589, and 1962, was unjustly enriched, and is a necessary party to effect the objective of the racketeering enterprise, but "does not possess the intellect, disposition or intent to commit or further the criminal actions of the racketeering enterprise or to direct its activities." *Id.* Several of plaintiff's claims cannot survive, as N.R.S. 205.380, 18 U.S.C. §§§§ 241, 242, 1581, and 1589 are criminal provisions and provide no basis for civil liability. *Aldabe*, 616 F.2d at 1092; *Agnew*, 239 F.2d at 230; *Cohen*, 300 F.2d at 29-30. Plaintiff fails to state a claim against defendant Rhees under § 1962, as plaintiff admitted in the complaint (#1-1) that defendant Rhees did not commit any of the racketeering activities under § 1961. *See Forsyth*, 114 F.3d at 1481; *Izenberg*, 589 F. Supp. 2d at 1201. These claims against defendant Rhees should be dismissed. *See* 28 U.S.C. § 1915(e)(2); *Ashcroft*, 129 S.Ct. at 1949.

As the court should dismiss all claims against defendant Rhees it had original subject matter jurisdiction over, it should decline to exercise supplemental jurisdiction over plaintiff's state law claim for fraud and unjust enrichment. *See* 28 U.S.C. § 1367; *Georgiou Studio, Inc. v. Boulevard Invest, LLC*, 663 F. Supp. 2d 973, 981 (D. Nev. 2009) ("In Nevada, the tort of deceit is treated as the tort of fraudulent representation.") (*citing Scaffidi v. United Nissan*, 425 F.Supp.2d 1172, 1185 (D.Nev.2005); *Pac. Maxon, Inc. v. Wilson*, 96 Nev. 867, 619 P.2d 816, 817 (1980)); *WMCV Phase 3, LLC v. Shushok & McCoy, Inc.*, 750 F. Supp. 2d 1180, 1196 (D. Nev. 2010) ("In Nevada, the elements of an unjust enrichment claim or "quasi contract" are: (1) a benefit conferred on the defendant by the plaintiff; (2) appreciation of the benefit by the defendant; and (3) acceptance and retention of the benefit by the defendant (4) in circumstances where it would be inequitable to retain the benefit without payment.").

**12.     Clark County Nevada and State of Nevada**

Plaintiff alleges that defendants Clark County Nevada and State of Nevada failed to train, monitor, supervise, and control other defendants and are therefore liable "[p]ursuant to the doctrine of *respondeat superior* under common law" for the torts and crimes of their officers, agents, employees, judges, attorneys, etc. (#1-1). As all of the claims against the other defendants should be dismissed, defendants Clark County Nevada and State of Nevada cannot be held liable for their alleged acts under the doctrine of *respondeat superior*. *Burns v. Mayer,* 175 F. Supp. 2d 1259, 1266 (D. Nev. 2001) ("[u]nder *respondeat superior*, an employer may be held liable for both negligent and intentional acts of employees."). These defendants also cannot be liable for any claims under § 1983 for the actions of their employees. *See Fechter v. Shiroky*, 59 F.3d 175 (9th Cir. 1995) ("Even if a defendant is a state actor, liability under section 1983 must be based on the personal involvement of the defendant and not on the doctrine of *respondeat superior*.")(citing *Monell v. NYC Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Palmer v. Sanderson*, 9 F.3d 1433, 1438 (9th Cir. 1993)). All claims against these defendants should be dismissed. *See* 28 U.S.C. § 1915(e)(2); *Ashcroft*, 129 S.Ct. at 1949.

**III.     Appointment of Counsel**

As an initial matter, the plaintiff is informed that the court has no authority to require attorneys to represent indigent litigants in civil cases under § 1915. *Mallard v. United States Dist. Court*, 490 U.S. 296, 301 (1989). Rather, when a court "appoints" an attorney, it can only do so if the attorney voluntarily accepts the assignment. *Id.* The court has no funds to pay for attorney fees in civil matters, such as this one. Appointment of counsel is only appropriate under 28 U.S.C. § 1915 when the court finds that exceptional circumstances exist. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (citations and internal quotation marks omitted).

The court finds that plaintiff has not made a showing of "exceptional circumstances" to warrant appointing counsel at this time. *Id.* As the court is recommending dismissal of plaintiff's complaint (#1-1), there is not a likelihood of success on the merits of plaintiff's claims. *Id.* The court finds that the plaintiff has the ability to articulate his claims (regardless of their merit, defendants' immunity, or the inapplicability of statutes cited). *Id.* Appointing counsel is not appropriate. *Id.*

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff Michael W. Estes' Motion/Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that plaintiff is permitted to maintain the action to conclusion without necessity of prepayment of any additional fees, costs, or security. This Order granting *forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that plaintiff Michael W. Estes' Motion for Appointment of Counsel (#2) is DENIED.

### **RECOMMENDATION**

IT IS RECOMMENDED that the Clerk of Court be ordered to file the complaint (#1-1).

IT IS FURTHER RECOMMENDED that the complaint (#1-1) be dismissed *without prejudice*.

IT IS FURTHER RECOMMENDED that plaintiff, if he chooses to do so, be permitted to file an amended complaint within thirty-three (33) days from the date the clerk mails the plaintiff the court's order dismissing the complaint, or the case may be dismissed *with prejudice*. Plaintiff is advised that under Local Rule LR 15-1 any amended complaint filed must be complete in itself without reference to prior filings. Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the court.

### **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held

that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 26th day of November, 2012.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**